UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**ANGELO STORNELLO, et al.,**

      **Plaintiff,**                **CIVIL ACTION NO. 13-cv-13674**

      v.                          **DISTRICT JUDGE BERNARD A. FRIEDMAN**

**DANIEL HEYNS,**           **MAGISTRATE JUDGE MONA K. MAJZOUB**

      **Defendant.**
_____/

**REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

The undersigned recommends that Plaintiff Christopher Urban be dismissed from this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). The undersigned also recommends that Plaintiff William Hays be dismissed from this action with prejudice for failure to comply with Eastern District of Michigan Local Rule 11.2.

**II.    REPORT**

On August 27, 2013, Plaintiffs Angelo Stornello, William Hays, David Lindensmith, Robert Copeland, Randy Smith, Emanuel Hunt, and Christopher Urban filed the instant *pro se* civil rights action against Michigan Department of Corrections Director Daniel Heyns, in his personal and official capacities. (Docket no. 1.) Plaintiffs allege that their constitutional rights were violated under 42 U.S.C. § 1983 when the Michigan Department of Corrections (MDOC) replaced the Kosher diet menu with a vegan menu. (*Id*.) Plaintiffs seek both injunctive relief and monetary damages based on Defendant's alleged constitutional violations. (*Id*. at 9.) In an order dated October 8, 2013, the Court equally apportioned the filing fee among Plaintiffs, waived prepayment

of the filing fee, and directed payment of the initial partial filing fee and subsequent payments from each plaintiff's prison trust fund account. (Docket no. 12.) Defendant Heyns filed a Motion to Dismiss on December 3, 2013. (Docket no. 19.) Plaintiffs Lindensmith, Hays, and Stornello each filed separate responses to Defendant's motion. (Docket nos. 23, 24, and 28.) Additionally, in connection with their responses, both Plaintiff Hays and Plaintiff Stornello filed proposed amended complaints with the Court. (Docket nos. 25 and 29.) These matters are currently pending before the Court.

Also pending before the Court are three letters from Plaintiff Christopher Urban dated December 11, 2013 (Docket no. 21), April 9, 2014 (Docket no. 36), and April 24, 2014 (Docket no. 38). Each letter constitutes Plaintiff Urban's formal request to withdraw from this matter. Plaintiff Urban cites the following reasons for his request: (1) before filing, he was misled to believe that this matter would involve a sufficient number of plaintiffs to be certified as a class action; (2) because the number of plaintiffs is far less than what he expected, the apportioned filing fee of $50.00 is much more than he expected, and it has become a financial burden; and (3) he is no longer participating in the Kosher diet. (Docket no. 21 at 1-2.)

Once a defendant has served an answer to the complaint or a motion for summary judgment, the plaintiff is required to seek an order of the court to voluntarily dismiss his suit. Fed.R.Civ.P. 41(a)(2). The court may grant a request for voluntary dismissal "on terms that the court considers proper." *Id*. The decision whether to dismiss a complaint under Rule 41(a)(2) lies within the sound discretion of the court. *Banque de Depots v. Nat'l Bank of Detroit,* 491 F.2d 753, 757 (6th Cir.1974). An "abuse of discretion is found only where the defendant would suffer 'plain legal prejudice' as a result of a dismissal without prejudice." *Bridgeport Music, Inc. v. Universal-MCA*

*Music Publ'g., Inc.*, 583 F.3d 948, 953 (6th Cir.2009) (citation omitted).  To protect the interests of the nonmoving party, the court should consider "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." *Id.* (citation omitted).  Defendant Heyns will not suffer prejudice if the Court grants Plaintiff Urban's request for voluntary dismissal from this action for the following reasons: (1) nothing in the record suggests that Defendant has exerted any further effort or expense on this case since filing his Motion to Dismiss; and (2) since this action was brought by multiple plaintiffs, the dismissal of Plaintiff Urban will not result in a dismissal of the entire action.  Additionally, Defendant has not objected to Plaintiff Urban's request for voluntary dismissal.  Furthermore, the undersigned finds that Plaintiff Urban has presented adequate reason for his voluntary dismissal.  Thus, the undersigned recommends that Plaintiff Urban be dismissed from this matter without prejudice pursuant to Rule 41(a)(2).

Upon dismissal, Plaintiff Urban requests that the Court rescind its order to the MDOC to withdraw his filing fee in partial payments from his prison trust fund account, return any partial payments he has made toward his share of the filing fee, and reallocate his portion of the filing fee among the remaining plaintiffs. (Docket no. 21 at 2.)  When a prisoner files a civil action under 42 U.S.C. § 1983 *in forma pauperis*, he is required to pay the full amount of the filing fee.  42 U.S.C. § 1915(b)(1).  This is true even where the plaintiff moves to voluntarily dismiss his case.  *Copley v. Henderson*, 980 F.Supp. 322, 323 (D. Neb. 1997).  Consequently, Plaintiff Urban remains liable for the entire amount of his assessed filing fee and the undersigned recommends that Plaintiff's request with regard to the filing fee be denied.

Plaintiff William Hays was released on parole on January 16, 2014. Since then, all correspondence sent to Plaintiff Hays from the Court has been returned as undeliverable. (*See* docket nos. 33 and 34.) Pursuant to Eastern District of Michigan Local Rule 11.2, *pro se* litigants are required to promptly file notice with the Court upon any change in their address or other contact information. Failure to do so may result in sanctions, such as dismissal, default judgment, and costs. E.D. Mich. LR 11.2. On August 30, 2013, the Court sent Plaintiff Hays a Notice Regarding Parties' Responsibility to Notify Court of Address Change. (Docket no. 9.) This Notice clearly advised Plaintiff Hays that "[f]ailure to promptly notify the court of a change in address or other contact information may result in the dismissal of your case." (*Id.*) In the approximately five months since Plaintiff Hays was released on parole, he has not notified the Court of his address change. Accordingly, the undersigned recommends that Plaintiff William Hays be dismissed from this action with prejudice for failure to comply with Local Rule 11.2.

## **REVIEW OF REPORT AND RECOMMENDATION**

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that a party might have to this Report and Recommendation. *See Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant

to Rule 72.1(d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objection must be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.


Dated: May 12, 2014              s/ Mona K. Majzoub
                                 MONA K. MAJZOUB
                                 UNITED STATES MAGISTRATE JUDGE


## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Plaintiffs of Record and Counsel of Record on this date.

Dated: May 12, 2014               s/ Lisa C. Bartlett
                                  Case Manager