# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**ANGELO STORNELLO, et al.,**

      **Plaintiffs,**          **CIVIL ACTION NO. 13-cv-13674**

      v.                       **DISTRICT JUDGE BERNARD A. FRIEDMAN**

**DANIEL HEYNS,**          **MAGISTRATE JUDGE MONA K. MAJZOUB**

      **Defendant.**

_____/

## REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

For the reasons that follow, the undersigned recommends that Plaintiffs' Motion to Amend Complaint (Docket no. 29) be **GRANTED** and that Plaintiffs be ordered to file a consolidated amended complaint. The undersigned further recommends that Defendant's Motion to Dismiss (Docket no. 19) be **DENIED** as moot, without prejudice, and that Plaintiffs' Motion in Opposition to Defendant's Motion to Dismiss (Docket no. 24) be **DENIED**.

**II.    REPORT**

On August 27, 2013, Plaintiffs Angelo Stornello, William Hays, David Lindensmith, Robert Copeland, Randy Smith, Emanuel Hunt, and Christopher Urban filed the instant *pro se* civil rights action against Michigan Department of Corrections Director Daniel Heyns, in his personal and official capacities.[1] (Docket no. 1.) Plaintiffs allege that their constitutional rights were violated under 42 U.S.C. § 1983 when the Michigan Department of Corrections (MDOC) replaced the

---

[1] The Court dismissed Plaintiffs Urban and Hays from this action on May 28, 2014. (Docket no. 41.)

Kosher diet menu with a vegan menu. (*Id.*) Plaintiffs seek both injunctive relief and monetary damages based on Defendant's alleged constitutional violations. (*Id.* at 9.) Defendant Heyns filed a Motion to Dismiss on December 3, 2013. (Docket no. 19.) Plaintiffs Lindensmith and Stornello each filed separate responses to Defendant's motion. (Docket nos. 23 and 28.) Additionally, Plaintiff Hays filed a Motion in Opposition to Defendant's Motion to Dismiss (Docket no. 24), which appears to be another response to Defendant's motion. In connection with their responses, both Plaintiff Hays and Plaintiff Stornello separately filed amended complaints, seemingly on behalf of all Plaintiffs. (Docket nos. 25 and 29.) The amended complaint filed by Plaintiff Hays is a stand-alone document; the amended complaint filed by Plaintiff Stornello is attached to the instant Motion to Amend.

     Federal Rule of Civil Procedure 15(a)(1) provides that a "party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(A),(B). Defendant filed his Motion to Dismiss pursuant to Rule 12(b) on December 3, 2013. (Docket no. 19.) Plaintiff Hays filed an amended complaint on December 19, 2013 (Docket no. 25), and Plaintiff Stornello filed the instant motion and a proposed amended complaint on December 23, 2013 (Docket no. 29.) Since both amended complaints were filed within 21 days of Defendant's Rule 12(b) motion, Plaintiffs were not required to seek leave from the Court. Accordingly, the undersigned recommends that Plaintiffs' Motion to Amend Complaint (Docket no. 29) be granted as a matter of course. In light of the two separate amended complaints filed with the Court on behalf of all Plaintiffs, the undersigned recommends that Plaintiffs be ordered to file a

consolidated amended complaint. Furthermore, since Defendant's Motion to Dismiss (Docket no. 19) is directed to Plaintiffs' original complaint, the undersigned recommends that it be denied as moot, without prejudice. Consequently, Plaintiffs' Motion in Opposition to Defendant's Motion to Dismiss (Docket no. 24) should also be denied.

### REVIEW OF REPORT AND RECOMMENDATION

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that a party might have to this Report and Recommendation. *See Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Rule 72.1(d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objection must be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: June 2, 2014    s/ Mona K. Majzoub
          MONA K. MAJZOUB
          UNITED STATES MAGISTRATE JUDGE

## **PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Plaintiffs and Counsel of Record on this date.

Dated: June 2, 2014              s/ Lisa C. Bartlett
                                 Case Manager