UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANGELO STORNELLO,

    Plaintiffs,                                                     Civil Action No. 13-CV-13674

vs.                                                                  HON. BERNARD A. FRIEDMAN

DANIEL HEYNS,

    Defendant.

_____/

## ORDER ACCEPTING IN PART AND REJECTING IN PART MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is presently before the Court on defendant's motion to dismiss [docket entry 19], plaintiff Hays' "motion in opposition to defendant's motion to dismiss" [docket entry 24], and plaintiff Stornello's "motion to amend pleading" [docket entry 29]. Magistrate Judge Mona K. Majzoub has submitted a Report and Recommendation ("R&R") in which she recommends that the first two motions be denied and that the third motion "be [granted] and that Plaintiffs be ordered to file a consolidated amended complaint." No party has objected to the R&R and the objection period has expired.

The Court agrees with the magistrate judge's analysis and recommendation as to defendant's motion to dismiss and plaintiff Hays' "motion in opposition to defendant's motion to dismiss." However, the Court rejects in part the recommended disposition of plaintiff Stornello's motion to amend. Certainly, as the magistrate judge correctly notes, amendments are allowed as a matter of course when, as here, they are filed (or, in this case, sought) within 21 days after the filing of a motion to dismiss. *See* Fed. R. Civ. P. 15(a)(1)(B). In this case, however, plaintiffs have caused a procedural difficulty by purporting to be suing collectively, but then filing motions and pleadings

signed by only one of the plaintiffs, generally but not always Stornello. For example, the initial complaint [docket entry 1] is signed only by Stornello, although six other inmates (Hays, Urban, Lindensmith, Copeland, Smith, and Hunt) signed forms which are attached to the complaint authorizing withdrawals from their prison trust accounts to pay the filing fee. The motion for a preliminary injunction and first "motion to amend complaint" are signed only by Stornello, although he purported to be acting for "plaintiff's.'" *See* docket entries 8 and 15. Plaintiff Lindensmith filed a response to defendant's motion to dismiss, apparently only on his own behalf. *See* docket entry 23. Plaintiff Hays filed the above-referenced "plaintiffs motion in opposition to defendants's motion to dismiss," purportedly as plaintiffs' "proper representative," although no other plaintiffs signed it. *See* docket entry 24. Simultaneously, Hays filed "plaintiffs amended complaint," but again only he signed it, albeit as "Pro Per Representative." *See* docket entry 25. Stornello then filed his own response to defendant's motion to dismiss and the above-referenced "motion to amend pleading," apparently only on his own behalf. *See* docket entries 28 and 29. Recently, the Court adopted the magistrate judge's recommendation to dismiss the complaint as to plaintiff Urban at his request and as to plaintiff Hays for failing to keep the Court apprised of his current address.

From among Stornello, Hays, Urban, Lindensmith, Copeland, Smith, and Hunt, only Stornello and Hays signed any version of the complaint and, as noted, Hays is no longer involved in this case. Therefore Stornello is the only party plaintiff. As he is not a member of the bar, he may not represent others. If any of the other inmates wish to file their own complaints, they are free to do so.[1] But as they have not signed any of the pleadings or motion papers, as required by Fed. R.

---

[1] In this context, the comments of the court in *Shabazz v. Giurbino*, 2013 WL 4854395, at * 3 (E.D. Cal. Sept. 10, 2013), are worth repeating:

Civ. P. 11(a), and cannot be represented by a non-lawyer, they are not parties in the present case. Plaintiff Stornello's motion to amend is granted, but with the understanding that he is the only plaintiff in this case. Accordingly,

IT IS ORDERED that Magistrate Judge Majzoub's R&R is accepted in part and rejected in part as indicated above.

IT IS FURTHER ORDERED that defendant's motion to dismiss [docket entry 19] is denied without prejudice.

IT IS FURTHER ORDERED that Hays' "motion in opposition to defendant's motion to dismiss" [docket entry 24] is denied.

IT IS FURTHER ORDERED that Stornello's "motion to amend pleading" [docket entry 29] is granted, with the understanding that Stornello is the sole plaintiff from this point

---

> [A]n action brought by multiple *pro se* and incarcerated plaintiffs presents procedural problems that cause delay and confusion. Delay often arises from the frequent transfer of inmates to other facilities and institutions, the changes in address when inmates are released from prison, and the limited ability of incarcerated inmates to communicate with each other. Further, the need for all plaintiffs to coordinate and agree on the filings made in this action and the requirement that all filings include the original signatures of all plaintiffs will lead to further delay and confusion. Accordingly, the Court will not allow this action to proceed on behalf of multiple plaintiffs and will require each plaintiff to file his own separate lawsuit.

forward. The proposed amended complaint that is attached to this motion as an exhibit is deemed filed as of the date of this order.

                                              _s/ Bernard A. Friedman__
                                              BERNARD A. FRIEDMAN
                                              SENIOR UNITED STATES DISTRICT JUDGE

Dated: June 19, 2014
       Detroit, Michigan